RECEIVED
IN ALEXANDRIA, LA.
NOV 2 8 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEROME WALKER #184604 | DOCKET NO. 12-CV-1950; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES M. LEBLANC | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* civil rights complaint of Plaintiff Jerome Walker, filed pursuant to 42 U.S.C. §1983 and in forma pauperis. At the time of filing, Plaintiff was incarcerated at the LaSalle Correctional Center in Olla, Louisiana. He complained that he was being held beyond his release date and asked for compensatory damages. On August 14, 2012, the Court received a notification that Plaintiff had been released. [Doc. #5]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff alleges that he was arrested on January 6, 2011, by the LaSalle Parish Sheriff's Office. On February 1, 2011, he appeared in the 28th Judicial District Court and was sentenced to ninety days of incarceration. He filed suit in this Court on July 17, 2012 alleging that he was being held beyond the ninety day sentence imposed.

### *Law and Analysis*

Plaintiff seeks compensatory damages for the pain and

suffering caused by the unlawful incarceration. [Doc. #1] The Supreme Court of the United States has determined that in order to recover damages for allegedly unconstitutional imprisonment, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641 (1997)(extending Heck to prison disciplinary proceedings). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Id.

Thus, if a prisoner seeks damages for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of Heck, he is barred from any recovery and fails to state a claim upon which relief may be granted. See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000). In this case, Plaintiff seeks compensation for the unlawful incarceration. Success on the merits would call into question the validity of the his incarceration. Thus, Plaintiff first has to show that the conviction or term of incarceration has been reversed or expunged as required by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641, 646-48 (1997). Plaintiff has not made such an allegation, and it does not appear that Plaintiff has

ever filed a petition for writ of habeas corpus as to these convictions.

Moreover, Plaintiff seeks monetary compensation for mental anguish. 42 U.S.C. §1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff seeks compensatory damages, but he does not allege any physical injury - only mental anguish. Therefore, even if his claim was not barred by Heck/Balisok, recovery would be barred by 1997e(e).

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**Under the provisions of Title 28, Section 636(b)(1)(c) of the United States Code and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual**

findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this ____ day of ___November___, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE